IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| LAMB WESTON, INC., <br><br> Plaintiff, <br><br> v. <br><br> IVAN MERCADO, <br><br> Defendant. | Civil Action No.: 1:25-cv-00176-CCE-LPA |

## ANSWER

NOW COMES Defendant Ivan Mercado ("Defendant"), by and through undersigned counsel, submits the following Answer to Plaintiff Lamb Weston, Inc.'s ("Plaintiff" or "Lamb Weston") Complaint:

## INTRODUCTION

1. The allegations in Paragraph 1 constitute a legal argument and legal conclusion for which no response is required. To the extent a response is required, denied. To the extent that Paragraph 1 quotes from a transcript or recording from an interview with third-party Third Bridge Group Limited ("Third Bridge"), the documents speak for themselves and no response is required. To the extent a response is required, admitted that the quoted language is contained in the referenced documents, but denied as to the remainder.

2. Defendants lack sufficient information to admit or deny the allegations in Paragraph 2 regarding Plaintiff's investigation. To the extent a response is required, denied.

3. The allegations in Paragraph 3 contain a legal conclusion for which no response is required. To the extent a response is required, admitted that Defendant received compensation, but denied as to the remainder.

4. The allegations in Paragraph 4 contain a legal conclusion for which no response is required. To the extent a response is required, denied.

5. The allegations in Paragraph 5 contain a legal conclusion for which no response is required. To the extent a response is required, denied.

## PARTIES, JURISDICTION, AND VENUE

6. Admitted.

7. Admitted.

8. The allegations in Paragraph 8 contain a legal conclusion for which no response is required. To the extent a response is required, admitted.

9. Admitted.

10. Admitted.

## STATEMENTS OF FACT

11. Defendant admits that he served as Vice President of Global Customer Service, Logistics and Planning at Lamb Weston for almost four years. Defendant admits that he had various responsibilities in that role, including managing product supply and

developing process and policies in the Company's Supply Chain. The remaining allegations are denied.

12. Defendant admits that in his role he knew most, but not all, of the facilities. The remaining allegations are denied.

13. Defendant admits that he received training. Defendants lacks sufficient information to admit or deny the remaining allegations in Paragraph 13.

14. To the extent the allegation in Paragraph 14 quote from documents, those documents speak for themselves. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 14.

15. To the extent the allegation in Paragraph 15 quote from documents, those documents speak for themselves. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 15.

16. The allegations in Paragraph 16 are denied.

17. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17.

18. The Information Security Policy speaks for itself and therefore no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18.

19. The Information Security Policy speaks for itself and therefore no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19.

20. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20. Defendant recalls that most of the trainings he received were focused on safety.

21. The allegations in Paragraph 21 contain a legal conclusion for which no response is required. To the extent a response is required, denied.

22. Admitted.

23. Defendant admits that he emailed documents from his company email account to his personal email account, including a "tracking report." The remaining allegations are denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

29. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

30. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, denied.

31. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

32. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32.

33. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

34. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

35. Admitted.

36. Denied.

37. To the extent the allegation in Paragraph 37 quote from a recording or a transcript of an interview, those documents speak for themselves. The remaining allegations are denied.

38. Denied.

39. To the extent the allegation in Paragraph 39 quote from a recording or a transcript of an interview, those documents speak for themselves. To the extent a response is required, admitted.

40. Denied.

41. To the extend the allegation in Paragraph 41 quote from a recording or a transcript of an interview, those documents speak for themselves. To the extent a response is required, denied.

42. To the extent the allegation in Paragraph 42 quote from a recording or a transcript of an interview, those documents speak for themselves. To the extent a response is required, denied.

43. Denied.

44. To the extend the allegation in Paragraph 44 quote from a recording or a transcript of an interview, those documents speak for themselves. To the extent a response is required, denied.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, denied.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT ONE

47. Defendant incorporates by reference the allegations referred to in Paragraph 47.

48. Paragraph 48 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

49. Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

50. Paragraph 50 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

51. Paragraph 51 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

52. Paragraph 52 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

53. Paragraph 53 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

54. Paragraph 54 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT TWO**

55. Defendant incorporates by reference the allegations referred to in Paragraph 55.

56. Paragraph 56 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

57. Paragraph 57 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

58. Paragraph 58 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

59. Paragraph 59 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

60. Paragraph 60 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

61. Defendant asserts that Plaintiff is not entitled to any of the relief sought therein (Paragraphs A–C). The Complaint should be dismissed with prejudice, and the Court should provide the Defendant with all other appropriate relief.

## AFFIRMATIVE DEFENSES

62. Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

63. Plaintiff fails to allege facts sufficient to support judgment or a finding of liability against Defendant and, therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

64. Plaintiff fails to show that the disclosed information was indeed confidential and not publicly available or in the public domain at the time of the alleged conduct.

Plaintiff further fails to show that it took sufficient means to protect the confidential information from disclosure to third parties prior to the time of the alleged conduct.

### THIRD AFFIRMATIVE DEFENSE

65. The Settlement Agreement is overly broad and unenforceable in several respects, including its overly broad definition of Confidential Information.

### FOURTH AFFIRMATIVE DEFENSE

66. Plaintiff fails to show that it suffered any damages for which the law would provide a remedy.

Respectfully submitted this 28th day of April 2025.

*/s/ Amy E. Richardson*
Amy E. Richardson (N.C. Bar 28768)
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: (919) 504-9833
Facsimile: (202) 730-1301
arichardson@hwglaw.com

*Counsel for Defendant Ivan Mercado*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record.

Dated: April 28, 2025

                                        */s/ Amy E. Richardson*
                                        Amy E. Richardson (N.C. Bar 28768)
                                        HWG LLP
                                        333 Fayetteville Street, Suite 1500
                                        Raleigh, NC 27601
                                        Telephone: (919) 504-9833
                                        Facsimile: (202) 730-1301
                                        arichardson@hwglaw.com