# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| LAMB WESTON, INC., <br><br> Plaintiff, <br><br> v. <br><br> IVAN MERCADO, <br><br> Defendant. | Case No.: 1:25-cv-176 <br> Hon. Chief Judge Catherine C. Eagles |

## JOINT RULE 26(f) REPORT

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), the parties met and conferred via conference calls attended by Plaintiff Lamb Weston, Inc.'s Counsel, Jeff Wilkerson, of Winston & Strawn LLP, and Defendant Ivan Mercado's Counsel Amy E. Richardson of HWG, LLP.

2. **Discovery Plan.** The parties propose to the Court the following discovery plan:

   a. **Date to Commence.** The "commencement date" of discovery will be upon entry of this order.

   b. **Scope of Discovery.** Discovery will be needed on the following subjects: (1) the allegations set forth in Plaintiff's Complaint (Dkt. 1); (2) the alleged damages sought by Plaintiff; (3) the defenses that Defendant raised in his Answer (Dkt. 21); and (4) all other issues raised by the pleadings.

   c. **Case Management Track.** Discovery shall be placed on a case-management track established in LR 26.1. The Parties propose the appropriate plan for this case is that designated in LR 26.1(a) as Standard, however, as noted below, propose a moderately longer discovery schedule in light of anticipated third-party discovery.

1

d. **Deadline to Complete Discovery.** The date for the completion of all discovery (general and expert) is: **November 8, 2025**.

e. **Stipulated Modifications to the Case Management Track Include.**

   i. The parties have proposed an approximately 6-month, rather than the standard 4-month, discovery period. The reason for this is because it is anticipated that document discovery of certain third parties will be required, which may require additional time in order to assure those third parties that the parties have exhausted efforts at discovering relevant documents from the parties themselves.

   ii. The Parties agree that depositions are limited to four (4) for the plaintiff, four (4) for the defendants, as well as a deposition for each and every expert witness or rebuttal expert witness designated by a party.

   iii. All depositions shall be limited to one (1) day of seven (7) hours of testimony, unless extended by agreement of the Parties or by a Court Order. The Plaintiff and Defendant shall each make retained expert witnesses available for deposition as soon as possible after submission of the expert's report.

   iv. The presumptive limitations on the number of interrogatories, requests for admission, and depositions contained herein and in Local Rule 26.1(a) can be modified either by (1) agreement of the parties (without court approval); or (2) motion to the Court for an Order granting leave to exceed the presumptive limitations.

f. **Expert Reports.** Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the expert discovery period as follows:

   i. From Plaintiff, opening reports and disclosures are due at the close of the fact discovery period (November 8, 2025).

   ii. From Defendants, opening and responsive expert reports and disclosures are due thirty (30) days after service of Plaintiff's opening reports and disclosures.

g. **Supplementations.** Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. **Mediation.** Mediation should be conducted during the discovery period, the exact date to be set by the Mediator after consultation with the Parties. The parties will agree on a Mediator by June 2, 2025.

4. **Preliminary Deposition Schedule.** Counsel for the Parties will confer and attempt to schedule depositions on mutually agreeable dates during the discovery period.

5. **Other Items.**

   a. Plaintiff shall have until June 7, 2025 to join additional parties or to amend its pleadings. Defendant shall have until July 7, 2025 to join additional parties or to amend his pleadings. After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

   b. The Parties have discussed the special procedures for managing this case, including reference of the case to a magistrate judge on consent of the Parties. The Parties do not consent to Magistrate Judge jurisdiction.

c. The Parties discussed whether the case will involve the possibility of confidential or sealed documents. The Parties agreed that this case involves confidential or sealed documents and the parties have separately filed a LR 5.5 Report.

d. **Trial Date:** A jury trial has not been demanded. If the case is ultimately tried, trial is expected to take approximately three to four (3-4) days.

e. **Jurisdiction.** The basis of federal subject matter jurisdiction is: diversity. The parties have reviewed the Federal Rule 7.1 and Local Rule 7.7 disclosures to confirm diversity, including citizenship of all members of an LLC and partners of a partnership.

Respectfully submitted this 9th day of May, 2025

**WINSTON & SRAWN LLP**

/s/ *Amanda L. Groves*

Amanda L. Groves
N.C. Bar No.: 44993
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1851
Email: agroves@winston.com

Jeff Wilkerson
N.C. Bar No.: 51209
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7714
Email: jwilkerson@winston.com

*Attorneys for Plaintiff
Lamb Weston, Inc.*

**HWG LLP**

/s/ *Amy E. Richardson* (with permission)

Amy E. Richardson
N.C. Bar No.: 28768
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: (919) 504-9833
Email: ARichardson@hwglaw.com

*Attorney for Defendant Ivan Mercado*

4

Case 1:25-cv-00176-CCE-LPA     Document 24     Filed 05/09/25     Page 4 of 5

## CERTIFICATE OF SERVICE

  I hereby certify that on May 9, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause notification of the filing to be sent to all parties of record.


Dated: May 9, 2025

                /s/ *Amanda L. Groves* _____
                Amanda L. Groves