# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| LAMB WESTON, INC., <br><br> Plaintiff, <br><br> v. <br><br> IVAN MERCADO, <br><br> Defendant. | Case No.: 1:25-cv-176 <br> Hon. Chief/Senior Judge Catherine C. Eagles |

## PARTIES' LOCAL RULE 5.5 REPORT

[**X**] **Conference:** The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

[__] Non-Parties: Because a non-party has produced documents pursuant to a protective order or is otherwise claiming confidentiality over documents filed or expected to be filed in this case, the conference included _____ (identify non-party).

[__] Default: The parties certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

[**X**] **Alternative Proposal for Cases with Many Confidential Documents.** In order to address claims of confidentiality and reduce the need to file briefs and exhibits under seal, the parties propose the alternative procedure set out in the attached proposal, either jointly or as competing alternatives, for consideration by the Court.

1

## Alternative Proposal for Cases with Many Confidential Documents

Given the highly sensitive nature of the confidential information at issue, the parties expect that the briefing accompanying certain motions—including dispositive motions, Daubert motions, and motions in limine—may include substantial confidential material. The parties certify that they will endeavor to minimize confidential materials that will need to be filed under seal.

For routine filings in this litigation, the parties propose that the default procedures of L.R. 5.4(c) apply. In connection with dispositive motions, Daubert motions, and motions in limine, the parties propose the following alternative procedure:

1. The parties shall excerpt any confidential exhibits to include only the materials necessary for determination of this matter and sufficient surrounding material to provide context.

2. The filing party shall file a motion to seal on the public docket containing a nonconfidential description of what is to be sealed. If the filing party is the party claiming confidentiality, they shall provide a showing as to why sealing is necessary along with the motion to seal, in accordance with the Local Rules.

3. If the filing party is not the party claiming confidentiality as to all of the materials, the parties shall meet and confer within 7-days to discuss whether the non-filing party can reduce the claims to confidentiality and whether the filing party can reduce the cited information to eliminate any information that is unnecessary for determination of this matter and/or to redact immaterial portions of the cited information.

4. If the filing party is not the party claiming confidentiality as to all of the materials, the party claiming confidentiality shall file a response within 14 days of the motion to seal that:

    a. Provides the showing as to why sealing is necessary;

    b. Provides substitute redacted versions of exhibits that need not be sealed in their entirety; and

    c. Provides substitute unredacted versions of exhibits if no sealing is required.

Respectfully submitted this 9th day of May, 2025

**WINSTON & SRAWN LLP**             **HWG LLP**

/s/ *Amanda L. Groves*             /s/ *Amy E. Richardson* (with permission)

Amanda L. Groves             Amy E. Richardson
N.C. Bar No.: 44993             N.C. Bar No.: 28768
333 S. Grand Avenue, 38th Floor             333 Fayetteville Street, Suite 1500
Los Angeles, CA 90071-1543             Raleigh, NC 27601
Telephone: (213) 615-1851             Telephone: (919) 504-9833
Email: agroves@winston.com             Email: ARichardson@hwglaw.com

Jeff Wilkerson             *Attorney for Defendant Ivan Mercado*
N.C. Bar No.: 51209
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7714
Email: jwilkerson@winston.com

*Attorneys for Plaintiff*
*Lamb Weston, Inc.*

## CERTIFICATE OF SERVICE

 I hereby certify that on May 9, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause notification of the filing to be sent to all parties of record.


Dated: May 9, 2025

                /s/ *Amanda L. Groves*
                Amanda L. Groves