IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| LAMB WESTON, INC., <br><br> Plaintiff, <br><br> v. <br><br> IVAN MERCADO, <br><br> Defendant. | Civil Action No.: 1:25-cv-00176-CCE-LPA |

## AMENDED ANSWER

NOW COMES Defendant Ivan Mercado ("Defendant"), by and through undersigned counsel, submits the following Amended Answer to Plaintiff Lamb Weston, Inc.'s ("Plaintiff" or "Lamb Weston") Amended Complaint, ECF No. 26:

## INTRODUCTION

1. The allegations in Paragraph 1 constitute a legal argument and legal conclusion for which no response is required. To the extent a response is required, denied. To the extent that Paragraph 1 quotes from a transcript or recording from an interview with third-party Third Bridge Group Limited ("Third Bridge"), the documents speak for themselves and no response is required. To the extent a response is required, admitted that the quoted language is contained in the referenced documents, but denied as to the remainder.

2. Defendant lack sufficient information to admit or deny the allegations in Paragraph 2 regarding Plaintiff's investigation. To the extent a response is required, denied.

3. The allegations in Paragraph 3 contain a legal conclusion for which no response is required. To the extent a response is required, admitted that Defendant received compensation, but denied as to the remainder.

4. The allegations in Paragraph 4 contain a legal conclusion for which no response is required. To the extent a response is required, denied.

5. The allegations in Paragraph 5 contain a legal conclusion for which no response is required. To the extent a response is required, denied.

## PARTIES, JURISDICTION, AND VENUE

6. Admitted.

7. Admitted.

8. The allegations in Paragraph 8 contain a legal conclusion for which no response is required. To the extent a response is required, admitted.

9. Admitted.

10. Admitted.

## STATEMENTS OF FACT

11. Defendant admits that he served as Vice President of Global Customer Service, Logistics and Planning at Lamb Weston for almost four years. Defendant admits that he had various responsibilities in that role, including managing product supply and

developing process and policies in the Company's Supply Chain. The remaining allegations are denied.

12. Defendant admits that in his role, he visited most, but not all, of the facilities. The remaining allegations are denied.

13. Defendant admits that he received training. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 13.

14. To the extent the allegation in Paragraph 14 quote from documents, those documents speak for themselves. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 14.

15. To the extent the allegation in Paragraph 15 quote from documents, those documents speak for themselves. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 15.

16. To the extent the allegation in Paragraph 16 quote from documents, those documents speak for themselves. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 16.

17. The allegations in Paragraph 17 are denied.

18. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18.

19. The Information Security Policy speaks for itself and therefore no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19.

20. The Information Security Policy speaks for itself and therefore no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20.

21. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21. Defendant recalls that most of the training he received was focused on safety.

22. The allegations in Paragraph 22 contain a legal conclusion for which no response is required. To the extent a response is required, denied.

23. Admitted.

24. Defendant admits that he learned Lamb Weston would likely be terminating him. The remaining allegations are denied.

25. Defendant admits that he emailed documents from his company email account to his personal email account, including a "tracking report." The remaining allegations are denied.

26. Defendant admits that on April 23, 2024, he met with Lamb Weston's Senior Director of Human Resources, Linda Baird, and also Michael Smith, Chief Operating Officer at that time, as this was supposed to be a regular 1:1 meeting scheduled well in advance. Defendant admits that he arrived at the meeting with his corporate laptop, security badge, and corporate credit card. Defendant does not recall what he said at the meeting. The remaining allegations are denied.

27. Defendant admits that he also received a Separation Agreement and General Release ("Separation Agreement") from Linda Baird. Defendant admits that the Separation Agreement offered Defendant several benefits as consideration in exchange for agreeing to the Separation Agreement's terms. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 27. To the extent a response is required, the remaining allegations are denied.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

33. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

34. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, denied.

35. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

36. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

37. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

38. The Separation Agreement speaks for itself and therefore no response is required. To the extent a response is required, admitted.

39. Admitted.

40. Denied.

41. To the extent the allegation in Paragraph 41 quote from a recording or a transcript of an interview, those documents speak for themselves. The remaining allegations are denied.

42. To the extent the allegation in Paragraph 42 quote from a recording or a transcript of an interview, those documents speak for themselves. The remaining allegations are denied.

43. To the extent the allegation in Paragraph 43 quote from a recording or a transcript of an interview, those documents speak for themselves. The remaining allegations are denied.

44. Denied.

45. To the extent the allegation in Paragraph 45 quote from a recording or a transcript of an interview, those documents speak for themselves. To the extent a response is required, denied.

46. To the extent the allegation in Paragraph 46 quote from a recording or a transcript of an interview, those documents speak for themselves. To the extent a response is required, denied.

47. Denied.

48. To the extent the allegation in Paragraph 48 quote from a recording or a transcript of an interview, those documents speak for themselves. To the extent a response is required, denied.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, denied.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, denied.

51. Paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT ONE

52. Defendant incorporates by reference the allegations referred to in Paragraph 52.

53. Paragraph 53 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

54. Paragraph 54 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

55. Paragraph 55 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

56. Paragraph 56 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

57. Paragraph 57 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

58. Paragraph 58 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

59. Paragraph 59 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

60. Paragraph 60 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

61. Paragraph 61 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## COUNT TWO

62. Defendant incorporates by reference the allegations referred to in Paragraph 62.

63. Paragraph 63 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

64 Paragraph 64 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

65. Paragraph 65 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

66. Paragraph 66 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

67. Paragraph 67 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## COUNT THREE

68. Defendant incorporates by reference the allegations referred to in Paragraph 68.

69. Paragraph 69 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

70. Paragraph 70 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

71. Paragraph 71 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

72. Paragraph 72 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

73. Paragraph 73 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

74. Paragraph 74 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

75. Paragraph 75 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

76. Paragraph 76 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

77. Paragraph 77 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

78. Paragraph 78 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

79. Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

80. Paragraph 80 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## COUNT FOUR

81. Defendant incorporates by reference the allegations referred to in Paragraph 81.

82. Paragraph 82 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

83. Paragraph 83 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

84. Paragraph 84 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

85. Paragraph 85 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

86. Paragraph 86 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

87. Paragraph 87 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

88. Paragraph 88 contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

89. Defendant asserts that Plaintiff is not entitled to any of the relief sought therein (Paragraphs A–C). The Amended Complaint should be dismissed with prejudice, and the Court should provide the Defendant with all other appropriate relief.

## AFFIRMATIVE DEFENSES

90. Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

91. Plaintiff fails to allege facts sufficient to support judgment or a finding of liability against Defendant and, therefore, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

92. Plaintiff fails to show that the disclosed information was indeed confidential and not publicly available or in the public domain at the time of the alleged conduct. Plaintiff further fails to show that it took sufficient means to protect the confidential information from disclosure to third parties prior to the time of the alleged conduct.

## THIRD AFFIRMATIVE DEFENSE

93. The Settlement Agreement is overly broad and unenforceable in several respects, including its overly broad definition of Confidential Information.

## FOURTH AFFIRMATIVE DEFENSE

94. Plaintiff fails to show that it suffered any damages for which the law would provide a remedy.

Respectfully submitted this 2nd day of June 2025.

>*/s/ Amy E. Richardson*
>Amy E. Richardson (N.C. Bar 28768)
>HWG LLP
>333 Fayetteville Street, Suite 1500
>Raleigh, NC 27601
>Telephone: (919) 504-9833
>Facsimile: (202) 730-1301
>arichardson@hwglaw.com
>
>*Counsel for Defendant Ivan Mercado*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record.

*/s/ Amy E. Richardson*
Amy E. Richardson (N.C. Bar 28768)
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: (919) 504-9833
Facsimile: (202) 730-1301
arichardson@hwglaw.com
